**Jose Luis MORALES, Plaintiff–Appellant,**

v.

**PELICAN BAY STATE PRISON; et al., Defendants–Appellees.**

**No. 11–17354.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2012.*

Filed Sept. 25, 2012.

Jose Luis Morales, Crescent City, CA, pro se.

Neah Huynh, Deputy Attorney General, AGCA–Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

California state prisoner Jose Luis Morales appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional violations in connection with his 2006 prison disciplinary proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir.1993) (per curiam)

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(issue preclusion). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058–59 (9th Cir.2008), and we affirm.

Dismissal was proper because the state court's denial of Morales's petition for a writ of habeas corpus challenging his prison disciplinary proceedings and placement in the Security Housing Unit precluded Morales from relitigating the same issues in a § 1983 action. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) ("[B]ecause of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards.").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.